People v Loonam (2023 NY Slip Op 50683(U))

[*1]

People v Loonam (Thomas)

2023 NY Slip Op 50683(U)

Decided on June 29, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 29, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., ELIZABETH H. EMERSON, TIMOTHY S. DRISCOLL, JJ.

2022-887 N CR

The People of the State of New York, Respondent,
against
Thomas M. Loonam, Appellant. 

Lynn Gartner Dunne & Frigenti, LLP (Kenneth L. Gartner of counsel), for appellant.
Nassau County District Attorney (Sarah S. Rabinowitz and Kevin C. King of counsel), for respondent.

Appeal from judgments of the District Court of Nassau County, First District (Joseph B. Girardi, J.), rendered September 16, 2022. The judgments convicted defendant, upon his pleas of guilty, of, respectively, driving while intoxicated (per se) and speeding, in satisfaction of six accusatory instruments, and imposed sentences. The appeal from the judgments of conviction brings up for review so much of an order of that court dated August 4, 2022 as denied the branches of defendant's motion seeking to strike the People's statement of readiness and dismiss the six accusatory instruments on the ground that he was denied his statutory right to a speedy trial.

ORDERED that the judgments of conviction are affirmed.
Defendant was arraigned on seven simplified traffic informations, including one charging him with conduct interfering with Thruway operations (21 NYCRR 102.8 [e]). Thereafter, the People timely filed a certificate of compliance (CoC) (see CPL 245.50 [1]) that included a statement of readiness (SoR) which certified, pursuant to CPL 30.30 (5-a), the facial sufficiency of all seven accusatory instruments.
Defendant moved for, in effect, an order dismissing the simplified traffic information charging him with conduct interfering with Thruway operations as facially insufficient, striking the SoR based upon CPL 30.30 (5-a), and dismissing the remaining six simplified traffic [*2]informations based upon an alleged violation of his statutory speedy trial rights. The District Court granted the branch of defendant's motion seeking to dismiss the simplified traffic information charging him with conduct interfering with Thruway operations as facially insufficient, but denied the remaining branches of the motion. Thereafter, defendant pleaded guilty to driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]) and speeding (Vehicle and Traffic Law § 1180 [a]) in satisfaction of the six remaining accusatory instruments.
On appeal, defendant's sole contention is that, once the simplified traffic information charging him with conduct interfering with Thruway operations was dismissed as facially insufficient, the People's prior CPL 30.30 (5-a) certification in their SoR was incorrect, rendering the SoR invalid as to the other six charges to which it referred. Consequently, the People's speedy trial clock was exhausted as to all the charges, requiring dismissal of the six remaining simplified traffic informations.
Of the six remaining simplified traffic infractions, four charged defendant with one traffic infraction each. Statutory speedy trial limitations apply to traffic infractions, but only when charged in the same accusatory instrument with at least one non-traffic infraction count (see CPL 30.30 [1] [e]; People v Galindo, 38 NY3d 199, 201 [2022]; People v Altman, 73 Misc 3d 127[A], 2021 NY Slip Op 50886[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2021]). Consequently, there was no CPL 30.30 speedy trial time limit on those four accusatory instruments and, thus, they could not be dismissed on speedy trial grounds.
As to the two remaining simplified traffic informations, which charged defendant with misdemeanors, CPL 30.30 (5-a), effective January 1, 2020, provides that, in order for an SoR to be valid, the People must certify that "all counts charged in [a local criminal court] accusatory instrument meet the requirements of [CPL] 100.15 and 100.40 . . . and those counts not meeting the requirements of sections 100.15 and 100.40 of this chapter have been dismissed." Where, as here, a defendant is charged in multiple local criminal court accusatory instruments, the fact that one accusatory instrument is later deemed to be facially insufficient does not render the People's prior CPL 30.30 (5-a) statement invalid with respect to any remaining facially sufficient accusatory instruments to which it refers (see People v Ventura, 75 Misc 3d 1218[A], 2022 NY Slip Op 50541[U] [Suffolk Dist Ct 2022]). Consequently, the People did not exceed their statutory speedy trial time pursuant to CPL 30.30 with respect to the remaining two accusatory instruments.
Accordingly, the judgments of conviction are affirmed.
GARGUILO, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 29, 2023